UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |  |  |
|---|---|---|---|
| DILENIA PAGUADA, on behalf of herself and others similarly situated, | : | Docket No.: | 1:21-cv-01245-KPF |
|  | : |  |  |
| Plaintiff, | : |  |  |
|  | : |  |  |
| -against- | : |  |  |
|  | : |  |  |
|  | : |  |  |
| ATHENA ALLERGY, INC., | : |  |  |
|  | : |  |  |
| Defendant. | : |  |  |

**MEMORANDUM OF LAW IN SUPPORT
OF THE DEFENDANT'S MOTION TO DISMISS THE PLAINTIFF'S CLAIMS FOR
LACK OF PERSONAL JURISDICTION AND FAILURE TO STATE A CLAIM FOR
WHICH RELIEF CAN BE GRANTED**

Respectfully submitted,

**VIGORITO, BARKER, PATTERSON,
NICHOLS & PORTER, LLP**

By: *Morgan T. Gieser*
      Morgan T. Gieser
Attorneys for Defendant(s)
**ATHENA ALLERGY, INC.**
300 Garden City Plaza, Suite 308
Garden City, New York 11530
(516) 282-3355
m.gieser@vbpnplaw.com
VBPNP File No.: 0070-104

# Contents

PRELIMINARY STATEMENT ............................................................................................... 1
FACTUAL ALLEGATIONS .................................................................................................... 2
ARGUMENT ............................................................................................................................. 3
   I.  THE COURT DOES NOT HAVE PERSONAL JURISDICTION OVER THE DEFENDANT .......................................................................................................................... 3
      A.  LEGAL STANDARD 12(b)(2) --- PERSONAL JURISDICTION ................................. 3
      B.  PERSONAL JURISDICTION IN A NEW YORK FEDERAL CASE ............................. 3
   II.  THE PLAINTIFF'S COMPLAINT FAILS TO MEET THE REQUISITE PLEADING STANDARD AND MUST BE DISMISSED ............................................................................ 7
      A.  12(b)(6) ---LEGAL STANDARD FAILURE TO STATE A CLAIM FOR WHICH RELIEF CAN BE GRANTED ................................................................................................ 7
      B.  THE DEFENDANT'S WEBSITE IS NOT A PLACE OF PUBLIC ACCOMMODATION ................................................................................................................. 9
   III.  THE PLAINTIFF'S STATE LAW CLAIMS MUST BE DISMISSED FOR LACK OF JURISDICTION .................................................................................................................. 11
CONCLUSION ....................................................................................................................... 12

**Cases**

*Access Now, Inc. v. Southwest Airlines, Co.,* 227 F. Supp. 2d 1312, 13 A.D. Cas. (BNA) 1186 (S.D. Fla. 2002) .................................................................................................... 14
*Am. Girl, LLC v Zembrka*, 1:21-CV-02372 (MKV), 2021 WL 1699928 (SDNY Apr. 28, 2021) ............................................................................................................ 6
*Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) .................................................................................. 10
*ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) ................................. 11
*Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 171 F.3d 779, 787 (2d Cir. 1999) .................................................................................................................................. 6
*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) .................................................. 10, 11
*Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 477 (1985) ..................................................... 2, 8
*Chloé v. Queen Bee of Beverly Hills, LLC*, 616 F.3d 158 (2d Cir. 2010), 616 F.3d at 164 ....... 4, 9
*CutCo Indus., Inc. v. Naughton*, 806 F.2d 361, 365 (2d Cir. 1986) .............................................. 6
*Del-Orden v. Bonobos, Inc.,* No. 17-CV-2744, 2017 WL 6547902, (S.D.N.Y. Dec. 20, 2017) .. 12
*Deutsche Bank Sec., Inc. v. Mont. Bd. of Invs.,* 7 N.Y.3d 65, 70 (2006) ....................................... 5
*Diaz v. Kroger* 2019 WL 2357531, (S.D.N.Y. 2019) .................................................................... 8
*Eades v. Kennedy, PC Law Offices, 799 F.3d 161, 167-68 (2d Cir. 2015)* ................................ 3, 8
*Fort Knox Music Inc. v. Baptiste,* 203 F.3d 193, 196 (2d Cir. 2000) ............................................ 5
*Gil v. Winn-Dixie*, 993 F.3d 1266 (11th Cir. 2021) ..................................................................... 13
*Guglielmo v. Nebraska Furniture Mart, Inc*., No. 19-cv-11197 (KPF), 2020 WL 7480619 ........................................................................................................................................ 7
*Hayden v. Paterson,* 594 F.3d 150, 161 (2d Cir. 2010) ............................................................... 10
*International Shoe v. Washington*, 326 U.S. 310, 319 [1945] ...................................................... 1
*Iqbal*, 556 U.S. at 678, 679 ................................................................................................... 10, 11
*Kreutter v. McFadden Oil Corp*., 71 N.Y.2d 460, 467 (1988) ...................................................... 5
*Licci v. Lebanese Canadian Bank, SAL, 732 F.3d 161, 167 (2d Cir. 2013)* ............................. 3, 8
*Metropolitan Life Ins. Co. v. Robertson-Ceco Corp.,* 84 F.3d 560, 566 (2d Cir.1996) ................. 3
*Robinson v. Overseas Military Sales Corp.,* 21 F.3d 502, 507 (2d Cir.1994) ............................... 4
*Sikhs for Justice v. Nath*, 893 F. Supp. 2d 598, 622 (S.D.N.Y. 2012) ........................................... 4
*Sole Resort, S.A. de C.V. v. Allure Resorts Mgmt.,* LLC, 450 F.3d 100, 103 (2d Cir. 2006) ......... 5
*Sunward Elecs., Inc. v. McDonald*, 362 F.3d 17, 22 (2d Cir. 2004) ............................................. 4
*Terrorist Attacks on September 11, 2011*, 714 F.3d 659, 673 (2d Cir. 2013) ............................... 4
*Twombly*, 550 U.S. at 555 ........................................................................................................... 11

**Rules**

C.P.L.R. § 302(a) ...................................................................................................................... 4, 5
Fed. R. Civ. P. 12 (b)(2) ...................................................................................................... 1, 3, 14
Fed. R. Civ. P. 12(b)(6) ................................................................................................................. 8
28 U.S.C. § 1331 ......................................................................................................................... 11
42 § 12187(7) ............................................................................................................................ 2, 9
N.Y.C. Admin. Code § 8-101 ....................................................................................................... 2

**PRELIMINARY STATEMENT**

This Memorandum of Law is submitted in support of the Defendant's motion to dismiss the Plaintiff's Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(2), on the grounds that this Court lacks personal jurisdiction over the Defendant, Athena Allergy, Inc. ("Athena"), and Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim for which relief can be granted. Briefly, by way of background, this civil matter involves an allegation that the Defendant, a North Carolina company, maintains a website, https://athenaallergy.com, that violates various provisions of the Americans with Disabilities Act ("ADA"). The plaintiff who has filed over 100 of these lawsuits, is a New York resident, who commenced this matter in the United States District Court, Southern District of New York, by the filing of a Summons and Complaint on or about February 11, 2021. However, the Defendant was not served until April 12, 2021. Shortly after, the Defendant requested a pre-motion conference, in accordance with the rules of this Court. Subsqeuent to the aforementioned conference, the Plaintiff filed an Amended Complaint on or about May 21, 2021.

The Defendant now makes this motion to dismiss the Plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(b)(2), for lack of personal jurisdiction as the Defendant is a corporation domiciled in North Carolina with no "minimum contacts, ties or relations" with the State of New Jersey (*International Shoe v. Washington*, 326 U.S. 310, 319 [1945]). It is the Defendant's contention, therefore, that to be hauled into litigation in a New York forum would violate the "traditional notions of fair play and substantial justice" embodied in the Due Process Clause of the Fourteenth Amendment (*International Shoe*, *supra*, at 319; *see also*, *Burger King v. Rudzewicz*, 471 U.S. 462 [1985]).

1

Alternatively, should this Court deny the Defendant's motion to dismiss the Plaintiff's claims, the Defendant requests that this matter be transferred to the United States Western District Court for North Carolina.

## **FACTUAL ALLEGATIONS**

The plaintiff alleges she is a blind, visually impaired resident of New York, and she brings these allegations against a small, two-person company incorporated in North Carolina, with no physical store locations. This husband and wife business sell products without nickel, mainly belts and other jewelry products. Plaintiff brings these allegations, during the height of a global pandemic, when thousands of business have been unable to survive. In the COVID-19 area, millions of people are working from home, and the demand for their products, specifically belts, has drastically decreased.

Plaintiff's Amended Complaint centers around allegations that the Defendant does not maintain a website that is fully accessibility to blind or visually-impaired people. More specifically, Plaintiff indicates in her Amended Complaint that the Defendant is discriminating against blind and visually-impaired people for its failure to design, construct, maintain, and operate the aforementioned website, which violate Title III of the ADA U.S.C. § 12181, et seq., and New York City Human Rights Law, N.Y.C. Admin. Code § 8-101 et seq.

Plaintiff contends the Defendant's website is a public accommodation within the definition of Title III of the ADA, 42 U.S.C. § 12181(7). Notably, there is no mention of website as a place of public accommodation within 42 U.S.C. § 12181(7).

Plaintiff's Amended Complaint must be dismissed as set forth below.

# ARGUMENT

## I. THE COURT DOES NOT HAVE PERSONAL JURISDICTION OVER THE DEFENDANT

### A. LEGAL STANDARD 12(b)(2) --- PERSONAL JURISDICTION

For a case to survive a motion to dismiss under Rule 12(b)(2) for lack of personal jurisdiction, a plaintiff must make a *prima facie* showing that personal jurisdiction exists. *Eades v. Kennedy, PC Law Offices,* 799 F.3d 161, 167-68 (2d Cir. 2015) (quoting *Licci ex rel. Licci v. Lebanese Canadian Bank, SAL,* 732 F.3d 161, 167 (2d Cir. 2013)). The plaintiff "bears the burden of establishing that the court has jurisdiction over the defendant" when served with a Rule 12(b)(2) motion to dismiss. *Metropolitan Life Ins. Co. v. Robertson-Ceco Corp.,* 84 F.3d 560, 566 (2d Cir.1996) (*citing Robinson v. Overseas Military Sales Corp.,* 21 F.3d 502, 507 (2d Cir.1994)). To satisfy this burden, Plaintiff on a Rule 12(b)(2) motion, must prove, "sufficient contacts with the relevant forum to establish jurisdiction over each defendant." *Sikhs for Justice v. Nath*, 893 F. Supp. 2d 598, 622 (S.D.N.Y. 2012).

The plaintiff's prima facie showing "must include an averment of facts that, if credited by the ultimate trier of fact, would suffice to establish jurisdiction over the defendant." *In re Terrorist Attacks on September 11, 2011*, 714 F.3d 659, 673 (2d Cir. 2013) (*quoting Chloe v. Queen Bee of Beverly Hills, LLC,* 616 F.3d 158, 163 (2d Cir. 2010) (internal quotation marks omitted)).

### B. PERSONAL JURISDICTION IN A NEW YORK FEDERAL CASE

"In a federal question case, where the defendant resides outside the forum state, federal courts apply the forum state's personal jurisdiction rules if the applicable federal statute does not provide for national service of process." *Sunward Elecs., Inc. v. McDonald*, 362 F.3d 17, 22 (2d

3

Cir. 2004) (citation omitted). Accordingly, New York's long-arm statute, New York Civil Practice Law and Rules ("C.P.L.R.") § 302(a), governs the claims in the instant action. *See id.*; *Fort Knox Music Inc. v. Baptiste,* 203 F.3d 193, 196 (2d Cir. 2000).

Under C.P.L.R. § 302(a)(1), two conditions must be met for a court to exercise personal jurisdiction over a non-domiciliary defendant. First, the defendant must "transact ... business within the state or contract[s] anywhere to supply goods or services in the state." C.P.L.R. § 302(a)(1). Second, the cause of action must arise from the "act[s] which are the basis of jurisdiction." *Id.* This second condition requires a showing that the contacts with the state had a "substantial relationship" to the cause of action. *Sole Resort, S.A. de C.V. v. Allure Resorts Mgmt., LLC,* 450 F.3d 100, 103 (2d Cir. 2006).

Section 302(a)(1) is a "single act" statute; therefore, the Defendant need not have engaged in more than one transaction in, or directed to, New York for New York courts to invoke jurisdiction. *See Deutsche Bank Sec., Inc. v. Mont. Bd. of Invs.,* 7 N.Y.3d 65, 70 (2006). Jurisdiction under § 302(a)(1) exists even if "the defendant never enters New York, so long as the defendant's activities here were purposeful and there is a substantial relationship between the transaction and the claim asserted." *Kreutter v. McFadden Oil Corp.*, 71 N.Y.2d 460, 467 (1988) (citations omitted); *see also Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 171 F.3d 779, 787 (2d Cir. 1999) (finding personal jurisdiction based on a single transaction where defendant was not physically present in state). A court may also find jurisdiction based on the totality of the defendant's conduct. *See, e.g., CutCo Indus., Inc. v. Naughton*, 806 F.2d 361, 365 (2d Cir. 1986) ("No single event or contact connecting defendant to the forum state need be

4

demonstrated; rather, the totality of all defendant's contacts with the forum state must indicate that the exercise of jurisdiction would be proper." (citations omitted)).

The Plaintiff's Amended Complaint states that the Defendant was "doing business in New York." However, these are the only five words throughout the entire 21 pages of the Amended Complaint that the Plaintiff uses to tie the Defendant to New York. In a recent April 2021 case involving a Chinese company copying American Girl dolls, the Court granted the dismissal because they found that plaintiff could not point to a single sale made by Defendants into New York or any action that defendants took to target their sales into the state. *See Am. Girl, LLC v Zembrka*, 1:21-CV-02372 (MKV), 2021 WL 1699928 (SDNY Apr. 28, 2021). The only thing that Plaintiff could point to was their "attempt" at purchasing from the site. *Id.* The Court goes on to say plaintiff has the burden of alleging that there are sales in New York. *Id.*

In the instant matter, the Plaintiff does not point to any sales in New York, and simply mentions their attempts at making a purchase on the Defendant's website. Following the recent decision by Judge Vyskocil, this would be insufficient to satisfy N.Y. C.P.L.R. § 302(a)(1).

Moreover, Judge Failla's decision in *Guglielmo v. Nebraska Furniture Mart, Inc.,* further supports the Court to not exercise personal jurisdiction in the pending case. Judge Failla pointed to several cases holding that "even the existence of an interactive 'patently commercial' website that can be accessed by New York residents is not sufficient to justify the exercise of personal jurisdiction unless some degree of commercial activity occurred in New York." *Guglielmo v. Nebraska Furniture Mart, Inc.*, No. 19-cv-11197 (KPF), 2020 WL 7480619, at *8 (S.D.N.Y. Dec. 18, 2020). (*quoting Alibaba Grp. Holding*, 2018 WL 2022626, at *4). In short, absent some action by Defendant to specifically target New York with its sales and website, or consummated

5

transactions in the state of New York, Plaintiff cannot establish that Defendants "transact business" in New York for the purposes of personal jurisdiction. *Id*. at *9 ("To the extent Plaintiff would argue that Defendant's 'national web presence' targets New York, such national presence, standing alone, is insufficient to support the exercise of personal jurisdiction. *Id.*

The above is critical, as the Defendant does not "specifically target" New York with its sale, website, or advertising. Due to the small size of the company, the Defendant cannot afford significant money in advertising. Any limiting advertising, including small press ads, have not been in the State of New York.

Even if this Court finds that the Plaintiff pled facts sufficient enough to establish that the Defendant conducts business in New York, which the Defendant strongly contends it does not[1], exercising personal jurisdiction over the Defendant would be a violation under a due process analysis. As Judge Failla held in *Diaz v. Kroger* "while due process is distinct from a statutory basis for personal jurisdiction, the Second Circuit has noted that it would be the "rare" case where personal jurisdiction was proper under New York's long-arm statute but not under a due process analysis. *Diaz v. Kroger* 2019 WL 2357531, (S.D.N.Y. 2019); *Eades v. Kennedy*, PC Law Offices, 799 F.3d 161, 168 (2d Cir. 2015) (internal quotation marks omitted)."

Due process also consists of findings "minimum contacts" and reasonableness. When a defendant has the requisite minimum contacts with the forum state, it may still defeat jurisdiction on due process grounds if it can "present a compelling case that the presence of some other considerations would render jurisdiction unreasonable." *Licci,* 732 F.3d at 173 (*quoting Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 477 (1985)). When assessing whether the exercise of

---

[1] See Exhibit B, Affidavit from Lea Dow, President of Athena Allergy LLC.

jurisdiction would be reasonable, courts typically consider: [i] the burden that the exercise of jurisdiction will impose on the defendant; [ii] the interests of the forum state in adjudicating the case; [iii] the plaintiff's interest in obtaining convenient and effective relief; [iv] the interstate judicial system's interest in obtaining the most efficient resolution of the controversy; and [v] the shared interest of the states in furthering substantive social policies. *Chloé v. Queen Bee of Beverly Hills, LLC*, 616 F.3d 158 (2d Cir. 2010), 616 F.3d at 164.

Here, the burden that exercise of jurisdiction would have on the Defendant is high for various reasons. This out of state, two-person company does not have the means and resources to be hauled into Court in a New York, a state that the Defendant has absolutely no connection with. It is simply not reasonable and moreover not constitutional to allow companies to be hauled into Court in all 50 states, merely because someone in that state can access their website. Secondly, the interest of the forum state would not be served, as the Defendant's website can be accessed from any state. Therefore, it is most appropriate to have the forum of the lawsuit where the company is located, in North Carolina Although the Plaintiff does have an interest in obtaining convenient and effective relief, she cannot violate the constitution in the process. The world and the court system have adapted to the internet age, but mere internet access has not eliminated the right to due process. As to interstate judicial interest in obtaining the most efficient resolution and social substantive policies, North Carolina would serve as the best Court for this action, because any and all potential sales must be connected to North Carolina, not New York.

## II. THE PLAINTIFF'S COMPLAINT FAILS TO MEET THE REQUISITE PLEADING STANDARD AND MUST BE DISMISSED

### A. 12(b)(6) ---LEGAL STANDARD FAILURE TO STATE A CLAIM FOR WHICH RELIEF CAN BE GRANTED

The standard of review for a motion to dismiss under Fed. R. Civ. P. 12(b)(6), for failure to state a claim is well-settled. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (*quoting Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 [2007]). In evaluating the sufficiency of a complaint "[a] court 'can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.'" *Hayden v. Paterson,* 594 F.3d 150, 161 (2d Cir. 2010) (*quoting Iqbal,* 556 U.S. at 679). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

"At the second step, a court should determine whether the 'well-pleaded factual allegations,' assumed to be true, 'plausibly give rise to an entitlement to relief.'" *Id*., 594 F.3d at 161. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678. It is not enough for a plaintiff to allege facts that are consistent with liability; the complaint must "nudge" claims "across the line from conceivable to plausible." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "To survive dismissal, the plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'" *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd*., 493 F.3d 87, 98 (2d Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). These well-settled principles require a dismissal of the Amended Complaint against the Defendants.

## B. THE DEFENDANT'S WEBSITE IS NOT A PLACE OF PUBLIC ACCOMMODATION

Assuming arguendo, that all the Plaintiff's allegations regarding the Defendant's website are true, which they are not, the Plaintiff fails to state a claim for which relief can be granted. The Defendant's website is not a place of public accommodation, therefore there can be no violation of Title III of the ADA, 42 § 12187(7).

Plaintiff relies on Title III of the ADA, 42 § 12187(7), in incorrectly defining Defendant's website as a public place of accommodation. § 12187(7), states in pertinent part:

(7) Public accommodation

The following private entities are considered public accommodations for purposes of this subchapter, if the operations of such entities affect commerce—

> (A) an inn, hotel, motel, or other place of lodging, except for an establishment located within a building that contains not more than five rooms for rent or hire and that is actually occupied by the proprietor of such establishment as the residence of such proprietor;
> (B) a restaurant, bar, or other establishment serving food or drink;
> (C) a motion picture house, theater, concert hall, stadium, or other place of exhibition or entertainment;
> (D) an auditorium, convention center, lecture hall, or other place of public gathering;
> (E) a bakery, grocery store, clothing store, hardware store, shopping center, or other sales or rental establishment;
> (F) a laundromat, dry-cleaner, bank, barber shop, beauty shop, travel service, shoe repair service, funeral parlor, gas station, office of an accountant or lawyer, pharmacy, insurance office, professional office of a health care provider, hospital, or other service establishment;
> (G) a terminal, depot, or other station used for specified public transportation;
> (H) a museum, library, gallery, or other place of public display or collection;
> (I) a park, zoo, amusement park, or other place of recreation;
> (J) a nursery, elementary, secondary, undergraduate, or postgraduate private school, or other place of education;
> (K) a day care center, senior citizen center, homeless shelter, food bank, adoption agency, or other social service center establishment; and
> (L) a gymnasium, health spa, bowling alley, golf course, or other place of exercise or recreation.

Most importantly, no where in the above-referenced encompassing list of public accommodations does the statute list "website."  Additionally, The Second Circuit has not directly "addressed whether the ADA's prohibition on discrimination in places of 'public accommodation' extends to 'places' on the Internet or to the online services of real-world public accommodations." *Del-Orden v. Bonobos, Inc.,* No. 17-CV-2744, 2017 WL 6547902, at *5 (S.D.N.Y. Dec. 20, 2017).  A plain reading of the ADA would not permit the Plaintiff to make the aforementioned stretch and the highest Court in this jurisdiction has not articulated same.  A recent decision, although persuasive authority, highlights why Plaintiff fails to state a claim for which relief can be granted.

The Eleventh Circuit's recent decision includes two key points: (1) that websites are not "places of public accommodation" under the ADA; and (2) a rejection of the "nexus" standard, notably adopted by the Ninth Circuit. *Gil v. Winn-Dixie*, 993 F.3d 1266 (11th Cir. 2021).  The majority concluded that the retailer's website was not a "place of public accommodation" within the meaning of the ADA. *Id.*  Judge Branch emphasized that the statute includes an "expansive list" of examples of public accommodations—all of which are physical locations, not websites. *Id.* The court further reasoned that the website's functionality did not interfere with the plaintiff's right to "full and equal enjoyment" of a place of public accommodation, because he had visited its physical locations on many occasions. *Id.*  Of importance, in the underlying matter, the Defendant does not maintain any physical locations.

The majority also rejected the plaintiff's theory that the grocery store violated the ADA because its website was a "nexus" to its physical locations, and thus must be accessible to people with disabilities.  The plaintiff in *Gil* argued that the website's inaccessibility created an "intangible barrier" to the goods and services at the brick-and-mortar store. *Id.*  The court rejected

10

this claim, focusing on the fact that the website had "limited use" and was not the sole access point to the store. Language in the majority opinion supports a relatively narrow interpretation of the statutory "auxiliary service" issue that is frequently litigated in ADA Title III cases. *Id.*

Courts have also held that a website was not a place of public accommodation, as it did not exist in any particular geographical location, but rather, was a virtual space, so that the plaintiffs could not show that the website impeded their access to any specific, physical space, as required by the ADA. *Access Now, Inc. v. Southwest Airlines, Co.,* 227 F. Supp. 2d 1312, 13 A.D. Cas. (BNA) 1186 (S.D. Fla. 2002).

As the above decisions articulate, the Defendant's website would not be considered a public place of accommodation. As such, we urge the Court to follow the other courts, and dismiss the Amended Complaint for failure to state a claim for which relief can be granted.

### III. THE PLAINTIFF'S STATE LAW CLAIMS MUST BE DISMISSED FOR LACK OF JURISDICTION

The Amended Complaint must be dismissed in its entirety, because the Court lacks subject matter jurisdiction. The basis for subject matter jurisdiction is federal question jurisdiction pursuant to 28 U.S.C. § 1331. However, because Plaintiff's claims under the American with Disabilities Act are the only claims brought under federal law, should they be dismissed, this Court would lack subject matter jurisdiction to hear this case. In the absence of either diversity or federal question jurisdiction, there is no subject matter jurisdiction in federal court and there can be no "supplemental jurisdiction" to hear Plaintiff's remaining state law allegations. Moreover, exercising diversity jurisdiction in this case would not be proper, as the amount in controversy requirement cannot be met. Thus, the Amended Complaint must be dismissed in its entirety.

**CONCLUSION**

For the foregoing reasons, it is respectfully requested that the Court issue an Order: (1) dismissing the Plaintiff's Amended Complaint as against the Defendant; or alternatively (2) transfer this matter to North Carolina; and (3) for such other and further relief as this Honorable Court deems just and proper.

Dated: Garden City, New York
August 9, 2021

Respectfully submitted,

**VIGORITO, BARKER, PATTERSON,
NICHOLS & PORTER, LLP**

By: *Morgan T. Gieser*
Morgan T. Gieser
Attorneys for Defendant(s)
**ATHENA ALLERGY, INC.**
300 Garden City Plaza, Suite 308
Garden City, New York 11530
(516) 282-3355
m.gieser@vbpnplaw.com

## CERTIFICATION

I, Morgan T. Gieser, that a copy of the above **MEMORANDUM OF LAW IN SUPPORT OF THE DEFENDANT'S MOTION TO DISMISS THE PLAINTIFF'S CLAIMS FOR LACK OF PERSONAL JURISDICTION AND FAILURE TO STATE A CLAIM FOR WHICH RELIEF CAN BE GRANTED** was or will immediately be mailed or delivered electronically or non-electronically on August 9, 2021, to all counsel and self-represented parties of record and that written consent for electronic delivery was received from all counsel and self-represented parties of record who were or will immediately be electronically served.

TO:   MARS KHAIMOV LAW, PLLC
        Attorneys for Plaintiff
        10826 64th Avenue, Second Floor
        Forest Hills, New York 11375
        (929) 324-0717
        marskhaimovlaw@gmail.com

By:   *Morgan T. Gieser, Esq.*
      Morgan T. Gieser, Esq.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| DILENIA PAGUADA, on behalf of herself and others similarly situated, | : | Docket No.:   1:21-cv-01245-KPF |
| Plaintiff, | : | |
| -against- | : | |
| ATHENA ALLERGY, INC., | : | |
| Defendant. | : | |

NOTICE OF MOTION TO DISMISS, MEMORANDUM OF LAW,
DECLARATION IN SUPPORT ALONG WITH EXHIBITS

VIGORITO, BARKER, PATTERSON, NICHOLS & PORTER, LLP
*Attorneys for Defendant*
ATHENA ALLERGY, INC.
300 Garden City Plaza, Suite 308
Garden City, New York 11530
(516) 282-3355
VBPNP File No.: 0070-104

TO: ALL PARTIES