UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| DILENIA PAGUADA, on behalf of herself and others similarly situated, | : | Docket No.: 1:21-cv-01245-KPF |
| | : | |
| Plaintiff, | : | |
| | : | |
| -against- | : | |
| | : | |
| ATHENA ALLERGY, INC., | : | |
| | : | |
| Defendant. | : | |

**REPLY MEMORANDUM OF LAW IN SUPPORT
OF THE DEFENDANT'S MOTION TO DISMISS THE PLAINTIFF'S CLAIMS FOR
LACK OF PERSONAL JURISDICTION AND FAILURE TO STATE A CLAIM FOR
WHICH RELIEF CAN BE GRANTED**

Respectfully submitted,

**VIGORITO, BARKER, PATTERSON,
NICHOLS & PORTER, LLP**

By: *Morgan T. Gieser*
        Morgan T. Gieser
Attorneys for Defendant(s)
**ATHENA ALLERGY, INC.**
300 Garden City Plaza, Suite 100
Garden City, New York 11530
(516) 282-3355
m.gieser@vbpnplaw.com
VBPNP File No.: 0070-104

**Contents**

ARGUMENT ........................................................................................................................... 1
   I. THIS COURT DOES NOT HAVE PERSONAL JURISDICTION OVER THE DEFENDANT............................................................................................................................. 1
   II. THE DEFENDANT'S WEBSITE IS NOT A PLACE OF PUBLIC ACCOMMODATION 3
   III. THE PLAINTIFF'S STATE LAW CLAIMS MUST BE DISMISSED .............................. 4
CONCLUSION......................................................................................................................... 5

### Cases

*Am. Girl, LLC v Zembrka*, 1:21-CV-02372 (MKV), 2021 WL 1699928
    (SDNY Apr. 28, 2021) ............................................................................................................ 2
*Anderson v. Aset Corp.*, 329 F. Supp. 2d 380, 383 (W.D.N.Y. 2004), *aff'd,* 416 F.3d 170 (2d Cir.
    2005) ....................................................................................................................................... 1
*Calcano v. Cole Haan LLC*,19 Civ. 10440 (AT), 2021 U.S. Dist. LEXIS 41734
    (S.D.N.Y. Mar. 5, 2021) ......................................................................................................... 4
*Camacho v. Vanderbilt Univ.,* 18 Civ. 10694, 2019 U.S. Dist. LEXIS 209202
    (Dec. 4. 2019) ......................................................................................................................... 2
*Del-Orden v. Bonobos, Inc.,* No. 17-CV-2744, 2017 WL 6547902, at *5
    (S.D.N.Y. Dec. 20, 2017) ........................................................................................................ 3
*Girl Scouts of U.S. v. Steir*, 102 F. App'x 217, 219-20 (2d Cir. 2004) ........................................... 3
*Pallozzi v. Allstate Life Ins, Co.*, 198 F.3d 28, 32 (2d Cir. 1999) .................................................... 4
*Sanchez v. Webull Financial LLC*, No. 1:21cv930 (S.D.N.Y. June 9, 2021),
    ECF No. 18, pp. 2:22-3:13; 4:14-22 ....................................................................................... 4
*Shipping Fin. Servs. Corp. v. Drakos*, 140 F.3d 129, 131 (2d Cir. 1998) ...................................... 2
*Sullivan*, 2019 WL 3066492, at *3 ................................................................................................. 2
*Touro Coll. v. Fondazione Touro Univ. Rome Onlus*, No. 16 Civ. 3136 (DAB),
    2017 WL 4082481, at *8-9 (S.D.N.Y. Aug. 31, 2017) ........................................................... 3

### Other Authorities

12(b)(2) ........................................................................................................................................... 1
12(b)(6) ........................................................................................................................................... 1
42 U.S.C. § 12181(7) .................................................................................................................. 1, 3
N.Y.C. Admin Code § 8-101 .......................................................................................................... 1

This Reply Memorandum of Law is submitted in support of the Defendant's Motion to Dismiss the Plaintiff's Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(2), on the grounds that this Court lacks personal jurisdiction over the Defendant, Athena Allergy, Inc. ("Athena"), and Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim for which relief can be granted.  As the Court is aware, Plaintiff alleges the Defendant's website violates various provisions of the Americans with Disabilities Act ("ADA") and New York City Human Rights Law, N.Y.C. Admin Code § 8-101 et. seq.  Specifically, the Plaintiff contends the Defendant's website is a public accommodation within the definition of Title III of the ADA, 42 U.S.C. § 12181(7).  The Defendant vigorously denies their website is a public accommodation.

Plaintiff's Memorandum of Law in Opposition is unconvincing, as it bases their "controlling" case law to cases which involve physical presence in the state, which Athena has never had, and a brick and mortar location, which Athena also has never had in the State of New York.  Finally, Plaintiff has failed to sufficiently allege in their Amended Complaint that Athena engages in sales in New York state, which is conceded in their Opposition, via a request for jurisdictional discovery.  For the reasons set for in the Defendant's initial moving papers and the subsequent reply in support, the Plaintiff's Amended Complaint must be dismissed.

## ARGUMENT

### I. THIS COURT DOES NOT HAVE PERSONAL JURISDICTION OVER THE DEFENDANT

Plaintiff's Memorandum of Law in Opposition cannot be used to bolster their Amended Complaint. *See Anderson v. Aset Corp.*, 329 F. Supp. 2d 380, 383 (W.D.N.Y. 2004), *aff'd,* 416 F.3d 170 (2d Cir. 2005) ("[T]he complaint says what it says, and a memorandum of law is not a proper vehicle for rewriting or amending the complaint").  Additionally, Plaintiff was granted an opportunity

1

to amend their complaint, and did not add further allegations regarding the Plaintiff's business in New York.  Plaintiff's mere 5 words, "doing business in New York", is clearly insufficient.  The Court must construe the pleadings in the light most favorable to the Plaintiff, but it may not premise jurisdiction on favorable inferences drawn from them. *Shipping Fin. Servs. Corp. v. Drakos*, 140 F.3d 129, 131 (2d Cir. 1998).  Because the Plaintiff did not adequately allege sales by the Defendant in New York, the Amended Complaint must be dismissed.  *See Am. Girl, LLC v Zembrka*, 1:21-CV-02372 (MKV), 2021 WL 1699928 (SDNY Apr. 28, 2021) (holding that Plaintiff could only point to was their "attempt" at purchasing from the site and the plaintiff has the burden of alleging that there are sales in New York.).

Plaintiff heavily relies on *Camacho v. Vanderbilt Univ.* in an attempt to justify the shortcomings of their Amended Complaint. *Camacho v. Vanderbilt Univ.,* 18 Civ. 10694, 2019 U.S. Dist. LEXIS 209202 (Dec. 4. 2019).  However, their reliance is misguided, as there are critical facts the Plaintiff omits from their citations to *Camacho*.  As was pointed out in the pre-motion conference on April 28, 2021, (Transcript **Exhibit "B"**) *Camacho* is a case where the defendant has physical presence in New York, specifically a college fair.  Without that college fair, the Plaintiff in *Camacho* would not have had any connection to Vanderbilt University, and ultimately ending up on Vanderbilt's website.  Such initial connection that was demonstrated in *Camacho* is far from the circumstances in the instant matter.

When a website falls in the middle of the interactivity spectrum, "the jurisdictional inquiry requires closer evaluation of its contacts with New York residents' to determine if Defendant engaged in purposeful activity in New York." *Sullivan*, 2019 WL 3066492, at *3 (*quoting Royalty Network*, 638 F. Supp. 2d at 419).  In conducting this inquiry, sister courts have evaluated whether defendants purposefully targeted New Yorkers with their websites. *See Touro Coll. v. Fondazione*

2

*Touro Univ. Rome Onlus*, No. 16 Civ. 3136 (DAB), 2017 WL 4082481, at *8-9 (S.D.N.Y. Aug. 31, 2017) ("The question then, is whether Defendants purposefully targeted New York users through their website." (*citing Best Van Lines*, 490 F.3d at 252)), aff'd, 738 F. App'x 25 (2d Cir. 2018) (summary order); *see also Girl Scouts of U.S. v. Steir*, 102 F. App'x 217, 219-20 (2d Cir. 2004) (summary order) (affirming district court finding that a national website that manifested no intent to target New York users or to avail itself of the benefits of New York law was insufficient to establish personal jurisdiction).

This lack of targeting is clearly exhibited via the Affidavit from Athena President, Lea Down. (Exhibit **"C"**). Despite Plaintiff's contention, the affidavit clearly states the Defendant does not specifically advertise in the State of New York or target business from the State of New York. (*See* Exhibit **"C"**). This does not "tacitly admit" anything more, even though Plaintiff attempts to state otherwise to compensate for the shortcomings of the Amended Complaint.

In respect to the argument of the high burden litigating this matter would have on the Defendant, the Plaintiff barely addresses same. As such the Defendant respectfully refers the Court to the arguments in their initial moving papers.

## II. THE DEFENDANT'S WEBSITE IS NOT A PLACE OF PUBLIC ACCOMMODATION

As previously argued, nowhere in Title III of the ADA, 42 § 12187(7), is website included in the exhaustive list of public accommodations. Further, the Plaintiff concedes and agrees with the Defendant that the Second Circuit has not directly "addressed whether the ADA's prohibition on discrimination in places of 'public accommodation' extends to 'places' on the Internet or to the online services of real-world public accommodations." *Del-Orden v. Bonobos, Inc.,* No. 17-CV-2744, 2017 WL 6547902, at *5 (S.D.N.Y. Dec. 20, 2017). A plain reading of the ADA would not

3

permit the Plaintiff to make the aforementioned stretch and the highest Court in this jurisdiction has not articulated same. Plaintiff's citation to *Pallozzi v Allstate Life Ins. Co.* to justify this stretch that is not Second Circuit case law that actually addresses the issue related to website. *Pallozzi v. Allstate Life Ins, Co.*, 198 F.3d 28, 32 (2d Cir. 1999). Instead, the *Pallozzi* case pertains to insurance, and a brick and mortar insurance office. *Id.*

Plaintiff further relies on *Calcano v. Cole Haan LLC,* which pertained to Braille gift cards at the Defendant's brick and mortar stores. *Calcano v. Cole Haan LLC*,19 Civ. 10440 (AT), 2021 U.S. Dist. LEXIS 41734 (S.D.N.Y. Mar. 5, 2021). Additionally, in *Calcano* the Defendant's motion to dismiss was granted. The Plaintiff's cherry picking through Court holdings in unconvincing and moreover cannot change the deficient pleading. Plaintiff's Opposition further references how the Second Circuit has not decided whether a website is a public place of accommodation. *Sanchez v. Webull Financial LLC*, No. 1:21cv930 (S.D.N.Y. June 9, 2021), ECF No. 18, pp. 2:22-3:13; 4:14-22.

We urge this Court to take a fact intensive approach to the instant matter. With that being said, it is clear that all the factors such as the Defendant being a small business, during the height of the unprecedented COVID-19 pandemic, in conjunction with the Defendant's lack of connection to New York, should cause the Court find there is no personal jurisdiction and the Defendant's website is not a place of public accommodation.

### III. THE PLAINTIFF'S STATE LAW CLAIMS MUST BE DISMISSED

As detailed above, the Court does not have personal jurisdiction to hear Plaintiff's ADA claims. Therefore, this Court would lack "supplemental jurisdiction" to hear Plaintiff's remaining state law allegations. Plaintiff's citation to case law where the plaintiff filed two cases, one already

4

in the state is unpersuasive. Moreover, as argued in the initial Memorandum of Law, exercising diversity jurisdiction in this case would not be proper, as the amount in controversy requirement cannot be met, which notably the Plaintiff does not address. Thus, the Amended Complaint must be dismissed in its entirety, including Plaintiff's state law claims.

## CONCLUSION

For the foregoing reasons, it is respectfully requested that the Court issue an Order: (1) dismissing the Plaintiff's Amended Complaint as against the Defendant; or alternatively (2) transfer this matter to North Carolina; and (3) for such other and further relief as this Honorable Court deems just and proper.

Dated: Garden City, New York
      October 19, 2021

Respectfully submitted,

**VIGORITO, BARKER, PATTERSON, NICHOLS & PORTER, LLP**
By: *Morgan T. Gieser*
    Morgan T. Gieser
Attorneys for Defendant(s)
**ATHENA ALLERGY, INC.**
300 Garden City Plaza, Suite 308
Garden City, New York 11530
(516) 282-3355
m.gieser@vbpnplaw.com

## CERTIFICATION

I, Morgan T. Gieser, that a copy of the above **REPLY MEMORANDUM OF LAW IN SUPPORT OF THE DEFENDANT'S MOTION TO DISMISS THE PLAINTIFF'S CLAIMS FOR LACK OF PERSONAL JURISDICTION AND FAILURE TO STATE A CLAIM FOR WHICH RELIEF CAN BE GRANTED** was or will immediately be mailed or delivered electronically or non-electronically on October 19, 2021, to all counsel and self-represented parties of record and that written consent for electronic delivery was received from all counsel and self-represented parties of record who were or will immediately be electronically served.

TO:   MARS KHAIMOV LAW, PLLC
      Attorneys for Plaintiff
      10826 64th Avenue, Second Floor
      Forest Hills, New York 11375
      (929) 324-0717
      marskhaimovlaw@gmail.com

                                              By:   *Morgan T. Gieser, Esq.*
                                                    Morgan T. Gieser, Esq.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| DILENIA PAGUADA, on behalf of herself and others similarly situated, | : | Docket No.:   1:21-cv-01245-KPF |
| | : | |
| Plaintiff, | : | |
| | : | |
| -against- | : | |
| | : | |
| ATHENA ALLERGY, INC., | : | |
| | : | |
| Defendant. | : | |

REPLY MEMORANDUM OF LAW IN SUPPORT
OF THE DEFENDANT'S MOTION TO DISMISS THE PLAINTIFF'S CLAIMS FOR LACK
OF PERSONAL JURISDICTION AND FAILURE TO STATE A CLAIM FOR WHICH
RELIEF CAN BE GRANTED

VIGORITO, BARKER, PATTERSON, NICHOLS & PORTER, LLP
*Attorneys for Defendant*
PALMETTO VACATION RENTALS LLC
300 Garden City Plaza, Suite 100
Garden City, New York 11530
(516) 282-3355
VBPNP File No.: 0070-089

TO: ALL PARTIES